BADGER CARTON COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*February 9—March 6, 1928.*

*Workmen's compensation: Permanently injured minor: Basis for computing indemnity: Probable wages after attaining majority.*

1. Sub. (1) (e) of sec. 102.11 of the workmen's compensation act, providing that on the permanent disability of a minor employee his weekly earnings, for the purpose of computing indemnity, shall be determined on the basis of what the minor would probably earn after attaining the age of twenty-one years if not disabled, requires a consideration of what the minor employee would probably earn within a reasonable time after reaching majority. p. 330.

2. In fixing an award of indemnity for the permanent disability of a minor employee, the industrial commission is entitled to consider the qualifications of the employee, his education and experience, as well as his actual earnings prior to the injury. p. 330.

3. An award of $22.50 per week, for loss of a hand at the wrist, to a girl nearly twenty years of age and a high school graduate, who up to the time of her injury was earning a weekly wage of $12.50, is *held* not excessive, the award being based on the mean average between maximum and minimum income earned by high school graduates one year after graduation. p. 331.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed.*

The appeal is from a judgment setting aside the award of the *Industrial Commission* and directing further proceedings in accordance with the judgment.    The proceedings were started before the *Industrial Commission* on the 7th day of June, 1926.    Judgment in the circuit court was entered June 16, 1927.

On the 15th day of October, 1925, *Callista Jeffords,* while employed by the plaintiff *Badger Carton Company* in the city of Milwaukee, sustained an injury which necessitated the amputation of her right hand at the wrist.    She was then nineteen years and ten months of age.    She had graduated from a high school in this state, but the record does not disclose the course of study which she pursued, excepting that it was not a commercial course.    Shortly after her graduation she was engaged as a waitress at Beaver Lake, in a summer resort, earning $10 a week, and was given her room and board.    Thereafter, while similarly engaged at Kemper Hall, Kenosha, in addition to her room and board she was paid the sum of $35 per month.    She then obtained employment as a machine operator in the paper-box factory of the *Badger Carton Company* in Milwaukee, where she earned a weekly wage of $12.50 up to the time of the accident.

The evidence discloses that had the employee sustained no injury and continued working for the plaintiff *Badger Carton Company,* she might have earned, after arriving at the age of twenty-one years, the sum of $17.50 per week. There was evidence in the case by the statistician of the *Industrial Commission* to the effect that high school graduates, in about one year after their graduation, earn between $85 and $110 per month.    Before entering upon her employment with the *Badger Carton Company* she had filed an application with a bureau for a clerical position.    The *Industrial Commission* fixed the award at $22.50 per week, which amount represents substantially the mean between the maxi-

mum and minimum testified to by the statistician of the earnings of high school graduates, as heretofore referred to.

The circuit court set aside the award of the *Commission* upon the ground that the award must be based upon the wages paid by the industry. From the judgment entered in the circuit court the defendants herein have prosecuted this appeal.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *Wallace Reiss.*

DOERFLER, J. The *Industrial Commission's* award was based not upon what the employee would probably earn after attaining the age of twenty-one years (if not disabled) in the industry in which she was employed at the time of receiving her disability, but upon what she, as a high school graduate, would probably earn after arriving at the age of twenty-one years. The award of the *Commission* was made under the provisions of par. (e), sub. (1) of sec. 102.11 of the statutes for the year 1925, which provides as follows:

"If an employee is a minor and is permanently disabled, his weekly earnings on which to compute the indemnity accruing to him for permanent disability shall be determined on the basis of the earnings that such minor, if not disabled, probably would earn after attaining the age of twenty-one years. Unless otherwise established his earnings shall be taken as equivalent to the amount upon which maximum weekly indemnity is payable."

Par. (e) aforesaid was not contained in the original workmen's compensation act. The act was amended in 1913, and by such amendment the first sentence of said paragraph was enacted. The second sentence of said paragraph appears in the Wisconsin Statutes for 1923 for the first time. It will

also be noted that par. (e) is applicable only to minors in case they suffer a permanent disability.

It is argued by counsel for plaintiffs that par. (e) is a part of sub. (1) of sec. 102.11 of the Statutes for the year 1925, and that in construing par. (e) the entire subsection, and in fact the entire workmen's compensation act, must be considered; that in accordance with the spirit of the compensation act generally, it is contemplated that the compensation awarded shall go into and become a part of the cost of production, to be ultimately paid by the consuming public; and that unless the award is based upon the particular industry there is no reliable standard furnished the employer upon which to found a computation. This was also the view entertained by the learned circuit judge, as expressed in his opinion filed in the case.

It may be admitted that the language employed in par. (e) aforesaid is not as clear and definite as we would wish it to be. Is the compensation to be computed upon what the minor would probably earn immediately after arriving at the age of twenty-one years, or can the computation be based upon an unlimited amount of time subsequent to majority, or was it the intention of the legislature to base this compensation upon a reasonable time after majority? If the time after majority is unlimited, the computation, in reasonable probability, would be highly speculative. If based upon the time of majority or a reasonable time thereafter, a basis would exist from which a reasonable computation could be made. It is our view that the legislature intended to enact a valid and workable statute, and we have therefore concluded that a proper construction of the same would require a consideration of what the employee would probably earn within a reasonable time after arriving at majority; and in fixing the award the *Commission* is entitled to consider, among other things, in addition to the actual earnings prior to the injury, the qualifications of the employee, his educa-

tion and experience.   The award of the *Industrial Commission* is supported by ample credible evidence, and it is our view that it is a modest award and not excessive.

We desire also to emphasize that the paragraph involved is applicable only in case of *permanent disability of a minor*. The ordinary minor has very little opportunity to demonstrate his earning capacity during the period of his minority. In this state the law contemplates that a minor shall attend school until he is eighteen years of age, and he is permitted only in exceptional cases to labor in a remunerative employment.   Many instances are readily conceivable wherein a minor, during the period of his minority, is enabled to earn but trivial wages, which would be utterly inadequate to form a reliable basis upon which to compute his probable earnings after he arrives at majority; and this was undoubtedly in the minds of the legislators when they enacted par. (e) aforesaid.   It is for this reason also that the second sentence in said par. (e) was enacted as an amendment.

The award, as has heretofore been said, is not the maximum fixed by sub. (1) of sec. 102.11 of the Statutes, but is between the maximum and the minimum.   It is our view that the amount of the award, instead of being excessive, is extremely modest.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to affirm the award of the *Industrial Commission.*